UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERMEAL WHITE,<br>Plaintiff, | Case No. 1:19-cv-563 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| WARDEN R. ERDOS, *et al.*,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), filed a pro se civil rights complaint, a motion to amend the complaint, and a second motion to amend the complaint in this Court against defendants Warden R. Erdos, Unit Manager Chief Cynthia Davis, and Correction Officer D. Springer. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Plaintiff's motions to amend the complaint (Docs. 4, 6) are hereby **GRANTED** to the extent that the additional allegations contained in the proposed amendments will be considered part of the complaint subject to review at the screening stage. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint, as amended, alleges that on June 17, 2019, defendant Springer tampered with plaintiff's food while plaintiff was on lockdown. (Doc. 1, at PageID 3; Doc. 4-1, at PageID 36-37).[1] Plaintiff alleges that "the whole day before food came," Springer harassed plaintiff by shaking down his cell, "flush[ing]" his soap, toothpaste, and legal papers, and tearing up a picture of his little sister. (Doc. 1, at PageID 3). Plaintiff alleges that he filed a grievance about the matter and sought a transfer to a different unit. (Doc. 1, at PageID 3-4).

---

[1] In his complaint, plaintiff references two other lawsuits that he has pending in this Court: *White v. Dillow, et al.*, No. 19cv33 (S.D. Ohio) (Black, J.; Bowman, M.J.) (Docs. 6, 12)) (allowing Eighth Amendment claim to go forward at the screening stage against defendants who are not parties to this case), and *White v. Erdos, et al.*, No. 19cv470 (S.D. Ohio) (Barrett, J.; Litkovitz, M.J.) (Docs. 6, 8) (allowing excessive-force claim to go forward at the screening stage against a defendant who is not a party to this action). (*See* Doc. 1, at PageID 4). In accordance with Fed. R. Civ. P. 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the Court does not consider any allegations contained within those cases to be well-pleaded in this action unless the allegations are contained in the instant complaint.

Plaintiff also asserts: "I have expressed the fact to Legal Services that Defendant D. Springer lied on me, and all this retaliation Plaintiff going threw [sic]." (Doc. 1, at PageID 4). Plaintiff asserts that he feels that his life is in danger. (Doc. 1, at PageID 4). He further asserts that he requested defendant Davis and the Bureau of Classification, a non-defendant in this action,[2] to transfer plaintiff to a different prison. (Doc. 1, at PageID 3-4). Plaintiff alleges that he also told the Bureau of Classification that he should not be on lockdown any longer. (Doc. 1, at PageID 4). Plaintiff alleges that he has been denied grievance forms and that the grievances he has filed are not being addressed by either the Inspector or the Chief Inspector, neither of whom are defendants to this action. (Doc. 1, at PageID 4; Doc. 6-1, at PageID 55-56).

Plaintiff asserts that defendant Davis knows that plaintiff is in danger but keeps placing him in harm's way and "is allowing [him] to get hurt for no reason." (Doc. 4-1, at PageID 34; Doc. 6-1, at PageID 55). Plaintiff alleges that after he filed a complaint to the Warden and his initial complaint in this action Davis transferred plaintiff to a different unit at SOCF, but that his new unit is "even more trouble and danger." (Doc. 4-1, at PageID 34). Plaintiff alleges that the Case Manager in his new unit and other unidentified corrections officers in the unit, none of whom are named as defendants in this action, are harassing and threatening plaintiff. (Doc. 4-1, at PageID 35).

Plaintiff asserts that as a result of the incidents alleged above he is suffering mental stress. (Doc. 1, at PageID 4-5). Plaintiff brings claims against defendants under the Eighth and Fourteenth Amendments (Doc. 1, at PageID 5) and seeks declaratory, injunctive, and "any additional relief this Court deems just, proper and equitable." (Doc. 1, at PageID 6).[3]

---

[2]A number of plaintiff's allegations are asserted against non-defendant third parties. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.
[3]Plaintiff's Eighth Amendment claims are frivolous to the extent he seeks monetary relief based on his allegations of mental stress. *See Russell v. Mgmt. & Training Corp.*, No. 3:16-cv-2200, 2018 WL 3159041, at *1

Under relevant screening standards, plaintiff's complaint, as amended, should be dismissed with prejudice in its entirety for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, plaintiff's claims should be dismissed against defendant Warden Erdos. Plaintiff does not allege any personal involvement on the Warden's part. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dept. of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee,* 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish,* 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").

The complaint should also be dismissed as to defendant Davis. Plaintiff's allegations that Davis has failed to take steps to protect him from danger are too vague to state a plausible claim for relief. *See Twombly,* 550 U.S. at 555. "Prison officials are liable under the Eighth

---

(N.D. Ohio June 28, 2018) (Helmick, J.) ("[T]he Sixth Circuit repeatedly has held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded absent a showing of physical injury.") (and cases cited therein). Given that plaintiff seeks injunctive and declaratory relief in this action, however, the Court will consider his Eighth Amendment claims even in the absence of any allegations of physical injury. *See Odom v. Wilkinson,* No. 2:06cv0061, 2006 WL 1476194, at *2 (S.D. Ohio May 24, 2006) (Sargus, J.) (examining plaintiff's Eighth Amendment claims for injunctive and declaratory relief where plaintiff failed to allege physical injury) (citing *Wilson v. Yaklich,* 148 F.3d 596, 601 (6th Cir. 1996) ("Clearly, *injunctive* relief may be ordered by the courts when necessary to remedy prison conditions fostering unconstitutional threats of harm to inmates.")).

5

Amendment for failing to protect an inmate only if they act with 'deliberate indifference.'" *Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Officials act with deliberate indifference if they know of a substantial risk to an inmate's safety, yet disregard that risk by failing to take reasonable measures to abate it." *Id.* A hypothetical risk of harm is insufficient to support an Eighth Amendment failure-to-protect claim. *Id.* Plaintiff has not alleged facts indicating that Davis was deliberately indifferent to a risk of serious harm to plaintiff. There is no indication that the alleged shakedown of plaintiff's cell, alleged destruction of his personal property, or single alleged incident of food tampering constituted a substantial risk of harm to plaintiff. Further, plaintiff alleges that Davis moved him to a different unit after he complained about the alleged shakedown of his cell and food tampering. (*See* Doc. 4-1, at PageID 34). While plaintiff conclusorily asserts that he is subject to harassment and threats by the staff in his new unit (Doc. 4-1, at PageID 34-35), it is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo*, 499 F. App'x at 455 (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Plaintiff has not alleged facts from which the Court can infer that Davis knew of and disregarded an excessive risk to plaintiff's safety.

Further, to the extent plaintiff requested Davis to transfer plaintiff to another unit at SOCF or to another prison, he has not stated a viable claim because inmates do not "have any constitutionally protected interest in a particular housing assignment or transfer to a particular prison." *Jimenez v. United States*, No. 2:07cv819, 2007 WL 3232469, at *3 (S.D. Ohio Nov. 1, 2007) (and cases cited and quoted therein). *See also Harbin-Bey v. Rutter,* 420 F.3d 571, 577 (6th Cir. 2005) ("[A] prisoner has no constitutional right to remain incarcerated in a particular

6

prison or to be held in a specific security classification."); *Johnson v. Mohr*, No. 2:15cv86, 2015 WL 1526804, at *2 (S.D. Ohio Apr. 3, 2015) (Graham, J.) (same); *Lawson v. Haddon*, No. 1:09cv551, 2009 WL 2242692, at *4 (W.D. Mich. July 16, 2009) (and cases cited therein) (same); *see also McKune v. Lile,* 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano,* 427 U.S. 215, 225 (1976)) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

To the extent that plaintiff asserts that Davis violated his right to Due Process by failing to investigate plaintiff's claims, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10cv968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011) (same). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, although plaintiff does not name the Inspector or Chief Inspector as defendants to this lawsuit, the Court notes that "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted).

Plaintiff has also failed to state a claim for relief against defendant Springer. Plaintiff alleges that Springer harassed plaintiff in violation of the Eighth Amendment by shaking down his cell and tampering with his food on June 17, 2019. The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ." *Farmer*, 511 U.S. at 832. But, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and

7

unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 454-55 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)).

Plaintiff's allegations that Springer destroyed his soap, toothpaste, legal papers, and picture during the alleged shakedown of his cell fail to state a constitutional claim. Plaintiff does not allege that he was deprived of hygiene items for any length of time. *See Richmond*, 450 F. App'x at 455 (rejecting Eighth Amendment claim where the plaintiff was denied toilet paper, soap, toothpaste, toothbrush, running water, and the ability to shower for six days); *see also Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (rejecting Eighth Amendment claim where the plaintiff was denied toilet paper for five days and denied soap, toothpaste, and toothbrush for ten days). Further, to the extent that plaintiff seeks relief with respect to the destruction of his property, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under § 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A

plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588. Plaintiff has failed to sufficiently plead that the post-deprivation tort remedies available to him under Ohio law are inadequate to adjudicate his property-loss claim. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses.").

Plaintiff has also failed to state a claim upon which relief may be granted based on his allegation that his legal papers were destroyed. Under the First Amendment, prisoners have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 349). "Actual injury" is not shown "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers*, No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). "In other words, an inmate who claims that his access to courts was denied fails to state a claim 'without any showing of prejudice to his litigation.'" *Wilburn*, 43 F. App'x. at 733 (quoting *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). In this case, plaintiff fails to allege facts showing that he suffered any actual injury as a result of the destruction of his legal materials. He has not alleged facts showing he has been unable to file court pleadings, missed court deadlines, or had a case dismissed in any nonfrivolous legal proceeding based on the alleged conduct. Without such

allegations, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts under the First Amendment.

Likewise, plaintiff's claim that Springer tampered with plaintiff's food tray on June 17, 2019, does not rise to the level of an Eighth Amendment violation. *See, e.g., Johnson v. Deeren*, No. 2:12cv205, 2012 WL 6019365, at *9 (W.D. Mich. Dec. 3, 2012) ("The court concludes that the tampering of a food tray on one occasion does not rise to the level of an Eighth Amendment violation.").

Finally, although plaintiff does not expressly plead a First Amendment retaliation claim (*see* Doc. 1, at PageID 5), to the extent that plaintiff intends to assert such claim, his allegations are insufficient to do so. A prisoner's claim of retaliation "for engaging in protected conduct is grounded in the First Amendment." *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

Plaintiff's retaliation claim is subject to dismissal because plaintiff has not alleged any facts suggesting a causal connection between the alleged adverse action and protected activity. Plaintiff suggests that Springer retaliated against plaintiff for a complaint that plaintiff made against Springer to Legal Services. (*See* Doc. 1, at PageID 4). However, plaintiff has not alleged that Springer was even aware of the complaint. "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison

officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) ("alleging merely the ultimate fact of retaliation is insufficient")). Plaintiff offers only a conclusory assertion that Springer was motivated by plaintiff's complaint to Legal Services. (*See* Doc. 1, at PageID 4). Without any "further factual enhancement," plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 U.S. at 555-57. See also *Boxill v. O'Grady*, No. 18-3385, __ F.3d __, 2019 WL 3849559, at *4 (6th Cir. Aug. 16, 2019) (finding that the district court properly dismissed the plaintiff's First Amendment retaliation claim where the plaintiff "offered no plausible, non-conclusory facts to show that [the defendant] was even aware of [the plaintiff's] complaints against him."). *Cf. Brown v. Carpenter*, 889 F. Supp. 1028, 1034 (W.D. Tenn. 1995) ("A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

Accordingly, in sum, the complaint, as amended, should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint, as amended, be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motions to amend the complaint (Docs. 4, 6) are **GRANTED.**

Date: 9/10/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMEAL WHITE,
Plaintiff,

vs.

WARDEN R. ERDOS, *et al.,*
Defendants.

Case No. 1:19-cv-563

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).